100UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PHYTELIA WILLIAMS,

                    Plaintiff,

                         -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") MATTHEW
TARANGELO (Shield No. 6740) and P.O. EDDY
SORIANO (Shield No. 9336) in their individual
capacities,

                    Defendants.

-----------------------------------------------------------------x

**AMENDED COMPLAINT
and DEMAND FOR A JURY TRIAL**

Index No. 15 Civ. 1371 (GHW)(KNF)

      Plaintiff PHYTELIA WILLIAMS, through her attorneys Gillian Cassell-Stiga and David

B. Rankin of Rankin & Taylor, PLLC, as and for her complaint, does hereby state and allege:

## <u>PRELIMINARY STATEMENT</u>

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and

   Fourteenth Amendments of the Constitution of the United States, through the Civil Rights

   Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff PHYTELIA WILLIAMS's rights were violated when officers of the NEW YORK

   CITY POLICE DEPARTMENT ("NYPD") unconstitutionally detained and arrested plaintiff

   despite the absence of probable cause. By reason of defendants' actions, including their

   unreasonable and unlawful seizure of her person, plaintiff was deprived of her constitutional

   rights.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Ms. WILLIAMS's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff PHYTELIA WILLIAMS ("WILLIAMS") is and was at all times relevant to this action, a resident of Bronx County in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. New York City Police Department Officer ("P.O.") MATTHEW TARANGELO (Shield No. 6740) ("TARANGELO") and P.O. EDDY SORIANO (Shield No. 9336) ("SORIANO") (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers

of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

<u>**STATEMENT OF FACTS**</u>

14. On January 19, 2014, shortly before midnight, PHYTELIA WILLIAMS was unlawfully arrested by P.O. TARANGELO and P.O. SORIANO inside 300 East 143 Street in Bronx County in the State of New York (the "Building").

15. Ms. Williams had left her apartment shortly prior.

16. On information and belief, in compliance with a request by P.O. TARANGELO and P.O. SORIANO, Ms. WILLIAMS came to the upstairs floor of the Building.

17. P.O. TARANGELO and P.O. SORIANO then arrested Ms. WILLIAMS for trespassing.

18. Ms. WILLIAMS was held in custody for less than six hours and then released with a Desk Appearance Ticket.

19. Ms. WILLIAMS was charged with Trespass, P.L. § 140.05, Criminal Trespass in the Second Degree, P.L. § 140.159(1), and Criminal Trespass in the Third Degree, P.L. § 140.10(e), requiring Ms. WILLIAMS to come to court several times.

20. These charges were based on the false statements of P.O. TARANGELO with the complicity of P.O. SORIANO.

21. The charge was adjourned in contemplation of dismissal on April 14, 2014. Ms. WILLIAMS was forced to appear in court a number of times, and missed work as a result.

22. As a result of her handcuffing and arrest, Ms. WILLIAMS experienced pain, suffering, mental anguish, and humiliation.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**

23. Ms. WILLIAMS incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of her person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against her by police officers; (e) freedom from having police officers fabricate evidence against her; and (f) failure to intervene against P.O. JOHN DOE.

25. Defendants' deprivation of Ms. WILLIAMS's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
### (Against Defendant City of New York)

26. Ms. WILLIAMS incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

29. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Ms. WILLIAMS's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

30. As a result of the foregoing, Ms. WILLIAMS was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### JURY DEMAND

31. Ms. WILLIAMS demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, Ms. WILLIAMS demands judgment against the defendants individually and jointly and prays for relief as follows:

a.   That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish and humiliation; and

b.   That she be awarded punitive damages against the individual defendants; and

c.   That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d.   For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         June 22, 2015

Respectfully submitted,

By: _____

Gilfian Cassell-Stiga
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507